UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK OF AMERICA, N.A.

    Plaintiff,

v.                                CASE NO.  8:13-CV-385-T-17EAJ

ALEXANDER L. SULLIVAN,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 21   Motion to Stay
Dkt. 23   Opposition
Dkt. 25   Motion to Stay
Dkt. 26   Opposition

This case is an action for breach of guaranties of payment in a commercial loan transaction.  The Complaint includes:

| Count | Claim | Defendant |
|---|---|---|
| Count I | Breach of Guaranty | Alexander L. Sullivan |
| Count II | Breach of Guaranty | Adam F. Schoenbaum |
| Count III | Breach of Guaranty | Gunther H. Flaig |

Defendants move to stay this case for one year pending resolution of a foreclosure action pending in Pinellas County Circuit Court, in which Bank of America, N.A. is proceeding against Palmcrest Homes of Tampa Bay, LLC and related entities and CTS Equities Limited Partnership.

A federal court may dismiss or stay a federal case in exceptional circumstances after considering the following factors: 1) whether another court has assumed

Case No. 8:13-CV-385-T-17EAJ

jurisdiction over the property first; 2) the inconvenience of the federal forum; 3) the preference to avoid piecemeal litigation; and 4) the order in which the courts obtained jurisdiction.  Colorado River Water Conservation District v. U.S., 424 U.S. 800, 818-819 (1976).  A court may also consider: 5) whether a subsequently filed federal case was filed in reaction to a previously filed case; 6) whether federal or state law governs the claims of the parties; and 7) whether the state court case will adequately protect the parties' rights.  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 17 (1983).  "The decision whether to [abstain] 'does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004).  "Although federal courts have a 'virtually unflagging obligation....to exercise the jurisdiction given them' they may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances."  Id.  The weight of each factor is evaluated on a case-by-case basis, although the most important factor is avoiding piecemeal litigation.  Id.

A.  Parallel Proceedings

Proceedings are parallel when they involve "substantially the same parties and substantially the same issues."  Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004).  Exact parallelism is not required, but the two actions must involve substantially the same issues.  Id. at 1330 n. 21.

The Court notes that Defendants Sullivan, Schoenbaum and Flaig are not parties in the Pinellas County foreclosure action.  The Court also notes that Plaintiff Bank of America, N.A. has not asserted a breach of guaranty claim in the Pinellas County case, and is pursuing the independent remedy of foreclosing on mortgages and security interests therein.

Case No. 8:13-CV-385-T-17EAJ

After consideration, the Court concludes that this case and the Pinellas County case are not parallel proceedings.

B.  Piecemeal Litigation

Foreclosure and breach of guaranty are remedies that may be pursued independently of each other, without a final determination or satisfaction of the other. <u>LPP Mortgage Ltd. v. Cacciamiani</u>, 924 So.2d 930, 931 (Fla. 3d DCA 2006).

The Court notes that each Defendant signed a Guaranty Agreement which includes the following provision:

> **7.   Primary Liability of Guarantor**.  Guarantor agrees that this Guaranty may be enforced by Lender without the necessity at any time of resorting to or exhausting any other security or collateral and without the necessity at any time of having resorted to recourse to the Note or the Collateral through foreclosure proceedings under the Security Documents or otherwise, and Guarantor hereby waives any rights to require Lender to proceed against any Borrower or any other guarantor or to require Lender to pursuant any other remedy or enforce any other right....; it being the purpose and intent of Guarantor that Guarantor's obligations hereunder shall be absolute, independent and unconditional under any and all circumstances......

(Dkt. 1-5, pp. 5, 16, 27).

After consideration, the Court concludes that there is no need to avoid piecemeal litigation; the absence of any concern for this factor, and the remaining factors, weigh against abstention.   Defendants have not identified any "extraordinary circumstance" which warrants abstention.   Accordingly, it is

Case No. 8:13-CV-385-T-17EAJ

**ORDERED** that Defendants' Motions to Stay (Dkts. 21, 25) are **denied**. Defendants shall file an answer or other responsive pleading within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 23rd day of May, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record